UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

against

RALPH SANTANIELLO,

Supervisee.

No. 16-cr-522-42 (RJS)

ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On August 22, 2017, Supervisee Ralph Santaniello pleaded guilty to financing extortionate extensions of credit, in violation of 18 U.S.C. § 893. (*See* Doc. No. 971.) On December 21, 2017, this Court sentenced Supervisee to a thirty-month term of imprisonment, to be followed by a three-year term of supervised release. (*See* Doc. Nos. 1378, 1452.)[1]  On January 19, 2023, Supervisee moved to terminate the remaining period of his term of supervised release, which is scheduled to end on November 5, 2023. (*See* Doc. No. 1875.)  Both the government and the United States Probation Office ("Probation") oppose the motion. (*See* Doc. No. 1877.)  For the reasons set forth below, the Court denies Supervisee's motion.

---

[1] Supervisee also pleaded guilty to various offenses in the District of Massachusetts, where he was sentenced to a sixty-month term of imprisonment, to run concurrent with this Court's thirty-month term of imprisonment, followed by a two-year term of supervised release. (*See* No. 16-cr-30033 (TSH) (D. Mass.), Doc. Nos. 158, 303.)

The Court considers Supervisee's motion under 18 U.S.C. § 3583(e) and Rule 32.1 of the Federal Rules of Criminal Procedure.[2]  When a supervisee petitions a district court for early termination of supervised release, 18 U.S.C. § 3583(e) commands the court to first consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" of Title 18.  18 U.S.C. § 3583(e).  These factors address "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency."  *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997).  After the district court considers those factors, it is authorized by section 3583(e)(1) to terminate a term of supervised release if satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e); *see also United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010).  As the Second Circuit has explained, "[o]ccasionally, changed circumstances – for instance, exceptionally good behavior by the defendant . . . – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  *Lussier*, 104 F.3d at 36.

Having considered the factors set forth in section 3553(a), the Court concludes that early termination of supervised release is unwarranted.  Supervisee asserts that he has "complied in every respect" with Probation and the other entities that have supervised him during and after his imprisonment, and notes that he has recently completed his two-year term of supervised release "without incident" in the District of Massachusetts case.  (Doc. No. 1875 at 2.)  But, even if true, nothing in Supervisee's submission "rises to the level of a special, extraordinary, or unforeseen

---

[2] In his motion, Supervisee relies on 18 U.S.C. § 3564(c), which governs the early termination of a term of probation.  But because Supervisee was sentenced to a term of supervised release, not probation, the Court instead construes Supervisee's motion to be pursuant to 18 U.S.C. § 3583(e).

circumstance that distinguishes [him] from other compliant defendants on supervised release." *United States v. Bouchareb*, 76 F. Supp. 3d 478, 480 (S.D.N.Y. 2014) (quoting *United States v. Flores*, No. 99-cr-1110 (RWS), 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010)). Indeed, while a supervisee's compliance with the terms of supervised release is "commendable," such "behavior is exactly what is expected of all defendants on supervised release and therefore does not warrant early termination." *Id.* (quoting *Flores*, 2010 WL 2573385, at *1); *accord Whittingham v. United States*, No. 14-cv-7738 (RJS), 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017).

Furthermore, the Court finds that early termination would be particularly inappropriate in light of the seriousness of Supervisee's prior criminal history and the nature of the instant offense. Probation declined to support early termination because of Supervisee's "links to organized crime, his violent criminal history – which includes multiple Massachusetts state convictions for assault and battery with a dangerous weapon and [his] federal conviction in the District of Massachusetts for, among other things, interference with commerce by threats or violence and using extortionate means to collect extensions of credit – and because the instant offense for which [he] is subject to supervision involved extortionate threats." (Doc. No. 1877 at 1.) Given that history, the Court agrees that no changed circumstances have rendered the previously imposed term of supervised release "too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36; *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C).

For the reasons set forth above, IT IS HEREBY ORDERED that the motion for early termination of supervised release is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at document number 1875.

SO ORDERED.

Dated:        February 13, 2023
              New York, New York

                                                    _____
                                                    RICHARD J. SULLIVAN
                                                    UNITED STATES CIRCUIT JUDGE
                                                    Sitting by Designation